IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
GRADUATE MANAGEMENT ADMISSION    )
COUNCIL,                         )
                                 )
            Plaintiff,           )
                                 )
     v.                          )    No. 1:07cv605 (LMB/BRP)
                                 )
LEI SHI, d/b/a "SCORETOP.COM,"   )
et al.,                          )
                                 )
            Defendants.          )
```

## MEMORANDUM OPINION

On December 11, 2007, a magistrate judge issued a Report and Recommendation ("Report") in which he recommended that a default judgment, including monetary damages and injunctive relief, be entered in favor of plaintiff Graduate Management Admission Council ("GMAC") against the defendant Lei Shi. The parties were advised that any exceptions to the Report had to be filed within ten days of receipt of the Report and that failure to file a timely exception waived appellate review of any judgment based on the Report. As of January 7, 2008, the plaintiff has objected to the language of the magistrate judge's proposed injunction. No other objections have been filed.

A review of the case file establishes that the Report's findings on the defendant Shi's liability for copyright infringement are factually and legally supported by the record. However, for the reasons stated below, the Court concludes that the magistrate judge's findings with respect to statutory damages

and tortious interference are not supported by the record.

## Jurisdiction

The magistrate judge correctly found that this Court has subject matter jurisdiction over plaintiff's federal copyright claims, see 28 U.S.C. §§ 1331, 1338(a); that this Court has supplemental jurisdiction over plaintiff's state law claim, see § 1367(a); that personal jurisdiction over the defendant Shi is appropriate under Virginia's long-arm statute, Va. Code § 8.01-328.1(A)(4), and is consistent with the dictates of due process based on his contacts with Virginia; and that venue is proper because defendant Shi has committed acts of infringement in this district. See 28 U.S.C. § 1400(b).

Plaintiff effected service on defendant Shi on July 31, 2007 by leaving a copy of the summons and complaint at his residence with a person of suitable age. As of January 7, 2008, he has failed to file any responsive pleadings.

Plaintiff also named, upon information and belief, five unknown John Does as defendants in the complaint. These individuals have not been served with process. Furthermore, given the paucity of the allegations and the record, the Court does not have a sufficient factual basis to assert personal jurisdiction over them. Accordingly, the Court will dismiss the five John Doe defendants from this action without prejudice.

Discussion

I. Copyright Infringement

The uncontested facts establish that plaintiff is the sole owner and holder of valid copyrights in the Graduate Management Admissions Test ("GMAT"). Plaintiff develops the test questions, administers the exams to prospective business school applicants, and distributes "retired" test questions to prospective examinees and commercial test preparation programs. Without plaintiff's permission or consent, defendant has copied and distributed 494 copyrighted GMAT test questions through the website <www.scoretop.com>. He has also ignored plaintiff's cease-and-desist letter. These willful acts constitute infringement because they violate plaintiff's exclusive rights of reproduction and distribution. See 17 U.S.C. § 106.

Plaintiff is unable to quantify its actual damages and has requested that the Court award statutory damages. Statutory damages for willful infringement must be no less than $750 and no more than $150,000 for each act of infringement. See 17 U.S.C. § 504(c)(1),(2). The Fourth Circuit has given district courts wide discretion in fixing the appropriate amount. See Lyons Partnership, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 799 (4th Cir. 2001).

Plaintiff requested, and the magistrate judge recommended, that the maximum amount of statutory damages be awarded. The

Court finds that amount excessive.

In pressing for the maximum penalty, plaintiff invoked the need to preserve the integrity and security of the GMAT examination process. This argument is belied by plaintiff's own admission that "[m]ost of the infringed GMAT questions were non-secure questions that are no longer in the pool of 'live' GMAT questions that appear on actual administrations of the GMAT exam." Plaintiff's Supp. Mem. at 1-2.

Plaintiff's prosecution of this action also undermines its position. After "a lengthy, multi-year investigation of the activities" on the <www.scoretop.com> website, plaintiff filed its complaint on June 21, 2007. Burgoyne Decl. ¶ 3. Meanwhile, the website's operations have continued to this day. If the defendant's conduct truly threatened the sanctity of the GMAT examination process, plaintiff should have filed a prompt request for a temporary restraining order or preliminary injunctive relief.

Finally, a proper assessment of statutory damages should consider how other courts have punished similar conduct. The case of <u>Graduate Mgmt. Admission Council v. Raju</u>, 267 F. Supp. 2d 505, 511 (E.D. Va. 2003), presents an apt comparison. In <u>Raju</u>, the defendant copied and distributed 22 GMAT test forms, or 1,716

test questions, through his internet website.[1]  Id. at 511. Unlike this case, GMAC had apparently not released any of those test forms to the public.  Id. at 509.  The court found that the defendant's infringement was willful and assessed the maximum statutory penalty of $150,000 per act of infringement, totaling $3.3 million in damages.  Id. at 512-13.

The Court finds that defendant's conduct is less egregious than the conduct in Raju.  Plaintiff has shown that the defendant copied and distributed 494 questions - less than 30% of the total in Raju.  Moreover, unlike that case, most of these questions had been removed from the active pool of GMAT questions.

Accordingly, the Court finds that a statutory damages award of $50,000 per act of infringement, totaling $2.35 million in damages, is appropriate in this case.  In operating <www.scoretop.com> in willful disregard of plaintiff's copyrights, the defendant accumulated at least $317,000 in revenue.  A $2.35 million judgment will force the defendant to disgorge an amount far in excess of his revenue and is more than sufficient to deter future GMAT test takers from similar endeavors.

Under 17 U.S.C. § 505, the Court also has discretion to award costs and reasonable attorney's fees to the prevailing

---

[1] Each test contains 78 multiple choice questions.  See Compl. ¶ 14.

party.  Having reviewing the case file, the Court agrees with and adopts the magistrate judge's finding that an award of attorney's fees and costs of $219,538.43 should be made in this case.  These costs are reasonable under the circumstances and in relation to the total judgment being awarded.

II.  Tortious Interference

Plaintiff also alleges a tortious interference with contractual rights.  When GMAT examinees register for the exam, they agree to a set of non-disclosure obligations that prohibit the recording, copying, or disclosure of exam questions or answers.  Plaintiff claims that the defendant "ha[s] encouraged third parties to breach their non-disclosure obligations by posting and/or discussing GMAT questions and answers on and by way of the scoretop.com website."  Complaint ¶ 65.

A tortious interference claim requires plaintiff to demonstrate defendant's interference with "a valid contractual relationship or business expectancy" between GMAC and an examinee.  Chavez v. Johnson, 335 S.E.2d 97, 102 (Va. 1985).  Plaintiff has failed to identify a single individual, other than the defendant himself, who sat for the exam, accepted the non-disclosure obligation, and subsequently breached that obligation. Invoking the contractual obligations of an unknown number of unidentified former test-takers, some of whom may have posted infringing material on the <www.scoretop.com> website, is far too

vague and conclusory to sustain this claim.

Moreover, nothing in the record establishes that the defendant acquired any one of the 494 infringing test questions from a third party examinee. Even if some of those questions had been gleaned from a rouge examinee, plaintiff has not established that it suffered any cognizable injury - lost profits, reputational harm, business damage - from defendant's tortious behavior. Its bare assertion of $1,000 is inadequate. See Plaintiff's Mem. in Support at 14.

Finally, any award of damages - compensatory or punitive - for tortious interference would be duplicative of the award of statutory damages on plaintiff's copyright infringement claim. The awards are based on the same actions by the defendant: the display and distribution of infringing content on defendant's <www.scoretop.com> website.

Accordingly, the Court will not award any additional damages to plaintiff on the tortious interference claim.

III. Injunction

Plaintiff objects to one portion of the magistrate judge's proposed injunction, which directs the defendant to destroy all testing and related materials made in violation of GMAC's copyrights. Plaintiff requests that the Court order the destruction or impoundment of five specific documents containing GMAT practice questions. Plaintiff also requests an order

directing the defendant to turn over all his computer equipment, devices, and servers to GMAC for inspection and allow GMAC to dispose of such equipment as it deems appropriate.

Recognizing its discretion in fashioning the scope of an injunction, see Virginia Soc'y for Human Life, Inc. v. Federal Election Comm'n, 263 F.3d 379, 392 (4th Cir. 2001), the Court finds that plaintiff's requests are overbroad and will overrule the objection.  First, the specified documents and files contain thousands of practice GMAT questions.  Plaintiff has only established defendant's unlawful distribution of 494 questions. On this record, the Court has no factual basis upon which to conclude that all the content in the requested documents infringe on plaintiff's copyrights.  Some questions may have been legitimately created or acquired by the defendant.  Accordingly, the Court will not order the destruction of the requested documents.

Second, the Court will not order the defendant to transmit his computers, hard drives, and other electronic devices for inspection and, if GMAC so determines, disposal.  Such devices may serve other legitimate business purposes, or they may contain private or proprietary information unrelated to this case. Rather, the Court will adopt the language of the injunction in Raju, 267 F. Supp. 2d at 507, which is sufficiently broad to remedy any ongoing injury to plaintiff.

Finally, the injunction will not instruct third-party internet service providers that host <www.scoretop.com> to remove all materials or marks that infringe on GMAC's registered trademarks from their servers. Plaintiff did not raise a trademark infringement claim in its complaint.

## Conclusion

For these reasons, plaintiff's Motion for Default Judgment will be GRANTED and plaintiff's Objection to the Report will be OVERRULED.

A separate order consistent with this memorandum opinion will be entered.

Entered this 7th day of January, 2008.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia